UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TOWER PROPERTIES LLC, d/b/a/ NICOLES
a/k/a/ NICOLES CATERING HALL

                                                Plaintiff,        **NOTICE OF REMOVAL**

            -against-                                Removed from:
                                                          Supreme Court of the State of
VILLAGE OF HIGHLAND FALLS and          New York, Orange County
PATRICK FLYNN, individually and as
Mayor of the Village of Highland Falls           Index No.: 2014/4144

                                              Defendants.
------------------------------------------------------------------X

        Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Village of Highland Falls and Patrick Flynn (together, "Removing Parties), by their undersigned attorneys, hereby file this Notice of Removal for the removal of the above-captioned action to the United States District Court for the Southern District of New York, and state as follows:

        1.      On or about June 2, 2014, the above-captioned action was commenced against the Removing Parties in the Supreme Court of the State of New York, County of Orange, Index No. 2014/4144.

        2.      The County of Orange, in which this action is pending, is included within the Southern District of New York.

        3.      On June 4, 2014, the Village of Highland Falls was personally served in this action by delivery of the Summons and Complaint to the Village Clerk at 303 Main Street, Highland Falls, New York. A true and accurate copy of the Summons and Complaint is annexed hereto as Exhibit "A." No other state-court papers have been served upon any of the Removing Parties at the time of removal and Exhibit "A" constitutes all process, pleadings, and orders served upon the Removing Parties in this action.

4. This Notice of Removal is filed within 30 days after receipt by the Removing Parties of the initial pleadings and is, therefore, timely filed under 28 U.S.C. § 1446(b)(1).

5. Upon information and belief, no other parties have been joined and served as Defendants in the above-captioned action.

6. Removal of this action is proper under 28 U.S.C. § 1441 because this is a civil action brought in State court over which the district courts of the United States would have had original jurisdiction.

7. The Complaint in this action alleges violations of 42 U.S.C. §§ 1981, 1982, and 1983 as well as state law claims under N.Y. Civil Rights Law §§ 40-c, 44-a and Section 11 of Article I of the Constitution of the State of New York. The grounds for removal of this action are federal question pursuant to 28 U.S.C. § 1331 and jurisdiction pursuant to 28 U.S.C.§ 1343 (a)(3).

8. Particularly, this Court would have had original jurisdiction over the claims brought under 42 U.S.C. §§ 1981, 1982, and 1983. First, Plaintiff has alleged it has been deprived of equal protection under the laws due to its clientele and employees being predominately/primarily African Americans, and Plaintiff is asserting the right to recover for its injuries on the basis of 42 U.S.C. § 1981. Second, Plaintiff has alleged a deprivation of its right to hold and operate real and personal property due to its clientele and employees being predominately/primarily African Americans, and Plaintiff is asserting the right to recover for its injuries on the basis of 42 U.S.C. § 1982. Third, Plaintiff has alleged it has been deprived of its rights, privileges and immunities under the freedom of association clause of the First and Fourteenth Amendment of the United States Constitution and the equal protection clause of the Fourteenth Amendment of the United States Constitution due to its clientele and employees being predominately/primarily African Americans, and Plaintiff is asserting the right to recover for its injuries on the basis of 42 U.S.C. § 1983.

9. Further, the state law claims asserted by Plaintiff in this action all arise out of the same set of facts and are part of the same case and controversy so that this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C. § 1367(a). Therefore, this is an action over which this Court would have had original jurisdiction had it been filed initially in this court, and removal to this Court is proper under 28 U.S.C. § 1441.

10. Written notice of filing of this Notice of Removal will promptly be given to Plaintiff, and a copy will be filed in the appropriate State court, as required by 28 U.S.C. § 1446(d).

11. In filing this Notice of Removal, the Removing Parties do not waive any claims or defenses including, but not limited to, defenses of lack of personal jurisdiction, improper venue or forum, and all defenses specified in Fed. R. Civ. P. 12 (b).

**WHEREFORE**, Defendants Village of Highland Falls and Patrick Flynn hereby remove this civil action to the United States District Court for the Southern District of New York.

Dated: June 21, 2014
       Goshen, New York

*[signature]*

MICHAEL K. BURKE (MB 7554)
BURKE, MIELE & GOLDEN, LLP
*Attorneys for Defendants*
40 Matthews Street, Suite 209
Post Office Box 216
Goshen, New York 10924
(845) 294-4080